FILED
IN CLERK'S
U.S DISTRICT C

★ NOV 13

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICROSOFT CORP. et al,
                     Plaintiffs,

                                     MEMORANDUM
                                     AND ORDER

                                     12-CV- 1335 (SJ) (RLM)

-against-

JOHN DOES 1-21, 25-35, and 37-39,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

A P P E A R A N C E S

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
By:     Gabriel M. Ramsey
         Jacob M. Heath
         Jeffrey L. Cox
         Richard A. Jacobsen

JOHNSON, Senior District Judge:

      Plaintiffs Microsoft Corp., FS-ISAC, Inc., and the National Automated

Clearing House Association (collectively, "Plaintiffs") have moved for an entry of

default against John Doe Defendants 1-21, 25-35, and 37-39 (collectively,

1

"Defendants") pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1 (at D.I. 32). For the reasons set forth below, Plaintiffs' motion is GRANTED.

## I.  Background Information

Plaintiffs commenced this action on March 19, 2012, alleging that Defendants have caused them injury in violation of the following statutes: the Computer Fraud and Abuse Act, 18 U.S.C. §1030; the CAN-SPAM Act, 15 U.S.C. § 7704;  the Electronic Communications Privacy Act, 18 U.S.C. § 2701; trademark infringement under the Lanham Act (15 U.S.C. § 1114) (including false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) and trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c)); and the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §1962(c). Plaintiffs also allege unjust enrichment; trespass to chattels; and common law conversion. Plaintiffs seek injunctive and other equitable relief and damages against Defendants for their creation, control, maintenance, and ongoing use of the "Zeus Botnets" malware, which Plaintiffs allege have caused and continue injure Plaintiffs, Plaintiffs' customers and members, and the general public.

Plaintiffs served Defendants via email and internet publication. Certain defendants responded to Plaintiffs' service without revealing their true identities. As of September 13, 2012, Plaintiffs had dismissed this action with respect to two identified defendants, and another defendant has been identified by the name

2

P-049

"Jabberzeus Crew". Notably, the other Defendants remain unidentifiable, and Plaintiffs now seek entries of default as to them.

## II. Discussion

A. A Court May Enter Default Judgment Against Properly-Served Defendants Who Have Failed to Defend Actions Commenced Against Them

A district court may make an entry of default against defendants who fail to plead or otherwise defend actions commenced against them by plaintiffs, if they determine that defendants have been properly served by plaintiffs. See Fed. R. Civ. P. 55(a).

In order make an entry of default against Defendants, the Court must be satisfied that proper service of process was effectuated. Plaintiffs may serve foreign defendants in accordance with "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [the "Hague Convention"]." Fed. R. Civ. P. 4(f)(1). In the case at bar, the Defendants have

operated surreptitiously, making the standard means of serving defendants difficult or impossible to accomplish. Additionally, as defendants are operating from foreign jurisdictions, the Court must also determine whether the Hague Convention is the applicable law to use in determining the adequacy of Plaintiff's service of Defendants.

### B. The Hague Convention Does Not Apply When the Addresses of Foreign Defendants are Unknown

The remaining Defendants are alleged cybercriminals whose personal identities and physical locations are unknown. Through months of investigation, Plaintiffs have only been able to ascertain that Defendants most likely reside in the Russian Federation, Ukraine and/or Romania. As other courts in this Circuit have already recognized, Article 1 of the Hague Convention specifies that the Convention does not apply when the addresses of foreign defendants are unknown. See SEC v. Lines, 2009 U.S. Dist. LEXIS 91811, *9 (S.D.N.Y Oct. 2, 2009) (Cote, J.) ("[The Hague Convention] 'shall not apply where the address of the person to be served with the document is not known.'") (citations omitted)). Defendants operate via the Internet, using usernames, and understandably, do not wish to be identified or located. They have used sophisticated means to conceal their identities and locations. Despite the most diligent efforts on the part of Plaintiffs, Defendants cannot be located. Accordingly the Hague Convention is not applicable to them.

### C. The District Courts Have Discretion to Authorize Service by E-mail or Any Other Means of Service Comporting with the Principles of Due Process

4

The Federal Rules set forth that the purpose of serving process upon a defendant is to provide the defendant with notice of the action against him or her. The purpose of providing a defendant with notice of an action against him or her is to allow the defendant to defend him or herself against that action, in comportment with the principles of Due Process. Accordingly, a plaintiff may serve notice upon a foreign defendant in any way:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice...

(3) by other means not prohibited by international agreement, as the court orders

Fed R. Civ. P. 4(f)(1)-(3).

While case law on this issue is somewhat scarce, other circuit courts have held that it is not an abuse of discretion for a district court to authorize a plaintiff to serve a foreign Internet business by e-mail. Since the defendant in that case did not list a physical address and chose to operate via email, the Ninth Circuit found that notice by email provided reasonable notice and an opportunity to be heard. That Court "le[ft] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d

5

1007, 1018 (9th Cir. 2002). The Court acknowledged that email "communication has

been zealously embraced by the business community" and recalled that the

Constitution never required any particular means of service, so long as the means

comported with Constitutional due process requirements. Id. at 1017 (citing Mullane

v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314).

> Similarly, the Southern District of New York found as follows:

> Federal Rule of Civil Procedure 4(f) requires a plaintiff to serve foreign
> defendants in accordance with "any internationally agreed means
> reasonably calculated to give notice," such as the Hague Service
> Convention. Fed. R. Civ. P. 4(f)(1). Notwithstanding this provision,
> district courts have discretionary authority to direct service "by other
> means not prohibited by international agreements." Arista Records
> LLC v. Media Servs. LLC, 2008 U.S. Dist. LEXIS 16485, *4-5
> (S.D.N.Y. Feb. 25, 2008) (internal citations omitted) (Buchwald, J.).

> In fact, the validity of electronic service of process upon foreign defendants

has been recognized since as long ago as 1980. In New Eng. Merchs. Nat'l Bank v.

Iran Power Generation & Transmission Co., 495 F. Supp. 73, 80 (S.D.N.Y. 1980)

(Duffy, J.), the Court allowed service by telex of defendants in Iran. Said the Court:

> I am very cognizant of the fact that the procedure which I have ordered
> in these cases has little or no precedent in our jurisprudence. Courts,
> however, cannot be blind to changes and advances in technology. No
> longer do we live in a world where communications are conducted
> solely by mail carried by fast sailing clipper or steam ships. Electronic
> communication via satellite can and does provide instantaneous
> transmission of notice and information. No longer must process be
> mailed to a defendant's door when he can receive complete notice at an
> electronic terminal inside his very office, even when the door is steel
> and bolted shut. Id. at 81.

Thus, the District Court clearly has discretion to order service of process upon a foreign defendant by alternate means of service so long as the defendant is afforded proper notice, and an opportunity to defend the action. See Arista, 2008 U.S. Dist. LEXIS 16485 at n.3 ("Of course, any alternate method of service 'must . . . comport with constitutional notions of due process,' which require 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'") (internal citations omitted).  In the instant matter, certain Defendants have responded to Plaintiffs' service of process—thereby proving the sufficiency of Plaintiffs' service and demonstrating that they have been provided adequate notice of the action against them, and effectively estopping them from claiming otherwise.

### III. Conclusion

Plaintiffs' email and internet-based service of process upon Defendants was designed to provide Defendants with notice of the action existing against them, Defendants' anonymity and unknown whereabouts notwithstanding. Accordingly, in keeping with the Court's discretion pursuant to Rules 4(f)(3) and 55(a), the Court finds that Defendants 1-21, 25-35, and 37-39 have failed to plead or otherwise defend the action and hereby directs the Clerk of the Court to enter a notation of default against them.

SO ORDERED.

7

Dated: Brooklyn, New York
      November  8  , 2012

/s/(SJ)

Sterling Johnson, Jr., U.S.D.J.

8

P-049